IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CP JUDGMENT, LLC, <br> Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| WESTERN SECURITIES (USA) LIMITED, <br> Defendant. | § § § § | |

## COMPLAINT

CP Judgment, LLC files this Complaint against Western Securities (USA) Limited and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff CP Judgment, LLC ("CP Judgment") is a Texas limited liability company with its headquarters and principal place of business in San Antonio, Texas. For jurisdictional purposes CP Judgment is a resident and citizen of the State of Texas.

2. Defendant Western Securities (USA) Limited ("Western (USA)") is a Texas corporation whose headquarters and principal place of business is located at 613 NW Loop 410, Suite 510, San Antonio, Texas 78216. For jurisdictional purposes CP Judgment is therefore a resident and citizen of the State of Texas. In accordance with Art. 2.11 of the Texas Business Corporation Act, Western (USA) may be served by service on its registered agent Tom Kopacsi at 613 NW Loop 410, Suite 510, San Antonio, Texas 78216.

3. This Court has subject matter jurisdiction under 28 U.S.C. §1331 as it is a civil action arising under the laws of the United States. As explained more fully below, the suit involves the validity, enforceability and revival of a federal court Judgment entered by the U.S. District Court for the Northern District of Texas.

4.	Venue is proper in this District under 28 U.S.C. §1391(b)(2) as it is the District where the Judgment at issue was entered and is thus is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## STATEMENT OF CLAIM

### Facts

5.	On December 18, 1996, a judgment was entered in favor of Nordar Holdings and against Western (USA) in the case entitled Nordar Holdings, Inc. v. Western Securities (USA) Ltd. and Western Securities Ltd., civil action no. 3:96cv0427-H, in the United States District Court for the Northern District of Texas. A true and correct copy of the judgment is attached hereto as Exhibit A and incorporated herein by reference. The judgment created a debt evidenced by a written judgment (the "Debt") for a sum certain in the amount of:

> $1,100,000.00, plus interest at the rate of 6% per annum from February 13, 1996, until July 10, 1997, plus attorney's fees of $10,000.00, plus interest on this total amount at rate of 5.45% per annum from July 10, 1997 until paid.

6.	The judgment became final on or about July 31, 1997 when all remaining parties and issues were disposed of. It is unknown if the judgment was renewed since its entry.

7.	The judgment and associated Debt was subsequently conveyed and assigned to CP Judgment, which remains the owner and holder of both.

8.	No part of the judgment or Debt has been paid or released. Western (USA) is entitled to no credits or offsets against the judgment or Debt.

9.	Despite the passage of time since entry of the judgment, Western (USA) continues to recognize the existence of the judgment and its associated Debt in its annual written tax records. Such written records constitute a signed written "acknowledgement of claim" under Texas law and tolled the statute of limitations.

### Applicable Law

10. Pursuant to Rule 69, Fed. R. Civ. P., "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." This action is thus governed by Texas state law.

11. Under Texas law the prior judgment became dormant ten years after it was entered and became final. Texas Civil Practice & Remedies Code §34.001. Texas law provides that a dormant judgment "may be revived by scire facias or by an action of debt." *Id.* §31.006. CP Judgment brings this "action of debt" in order to revive and replace the prior judgment with a new judgment.

12. Western (USA)'s continued recognition of the Debt in its annual tax records constitutes a signed written "acknowledgment of claim" that could otherwise be barred by limitations and thereby waives and restarts limitations pursuant to Tex. Civ. Prac. & Rem. Code §16.065. Therefore, CP Judgment is entitled to a new judgment for a sum certain in the amount of the Debt as acknowledged by Western (USA).

### Prayer for Relief

Therefore, CP Judgment prays that the Court enter judgment in favor of CP Judgment and against Western Securities (USA) Limited, which is indebted to CP Judgment for the following sum certain from and after July 31, 1997:

    a. The sum of $1,100,000.00, plus interest at the rate of 6% per annum from February 13, 1996, until July 10, 1997, plus attorney's fees of $10,000.00, plus interest on this total amount at rate of 5.45% per annum from July 10, 1997 until date of judgment herein, plus

    b. Judgment interest at the legal rate applicable on the date judgment is entered herein, from and after the date of the new judgment.

Respectfully submitted,

By: /s/Sim Israeloff
    **SIM ISRAELOFF**
    Texas Bar No. 10435380

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2000 (Tel)
(214) 672-2331 (Fax)
E-mail: sisraeloff@cowlesthompson.com

**ATTORNEYS FOR CP JUDGMENT, LLC**