IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CP JUDGMENT, LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-03664-L |
| | § | |
| WESTERN SECURITIES (USA) LIMITED, | § | |
| | § | |
|     Defendant. | § | |

## RESPONSE TO ORDER OF JULY 21, 2015.

Plaintiff CP Judgment appreciates the opportunity the Court has afforded to clarify the basis for this Court's subject matter jurisdiction. CP Judgment respectfully provides the following information in response to the Court's Order of July 21, 2015.

### Basis of Jurisdiction Asserted

1. Subject matter jurisdiction is asserted under 28 U.S.C. §1331. Jurisdiction is not being asserted on the basis of Diversity.

### Facts Supporting Jurisdiction

2. This suit arises from a final judgment entered of record in the Northern District of Texas. Complaint ¶5 and Exhibit A (Judgment entered by Barefoot Sanders, Senior Judge)(the "Judgment").

3. Judge Sanders necessarily found that the Court had subject matter jurisdiction and authority to enter the Judgment. The Judgment and exercise of federal jurisdiction in that case is now final and incontestable. Complaint ¶6.

4. The Judgment created a federal decree by which Western Securities (USA) Limited owes a sum certain to the Plaintiff, enforceable by federal law. *See, e.g.*, Rule 69, Fed. R. Civ. P. ("A money judgment is enforced by a writ of execution, unless the court directs otherwise."). *See also* Notes of Advisory Committee on Rules, Note to Subdivision (a)(the rule

"follows in substance U.S.C., Title 28, [former] §§727."). Thus the enforcement of the Judgment *vel non* arises under the laws of the United States.

5. The Complaint's reference to state law was inartfully worded. The Complaint correctly quotes from Rule 69 where it states: "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." Complaint ¶10. The Complaint then suggests that the action is "governed" by state law. A more clear statement would have been that "The proceedings this Court may use in aid of judgment must *accord* with the procedures permitted by the state law of Texas, which are therefore discussed in the following paragraph." Counsel apologizes for the unclear wording of the Complaint.

6. While the range of a federal court's judgment enforcement is limited -- by federal law and comity -- to procedures that are allowed in the local state, the federal court's actions themselves arise under and are performed pursuant to federal law:

> "An officer of the United States cannot, in the discharge of his duty, be governed and controlled by State laws, any further than such laws have been adopted and sanctioned by the legislative authority of the United States. And he does not, in such case, act under the authority of the State law, but under that of the United States, which adopts such law."

*Fink v. O'Neil*, 106 U.S. 272, 276-277 (U.S. 1882)(quoting *Bank of United States v. Halstead*, 10 Wheat. 51). *See also United States v. Yazell*, 382 U.S. 341, 355 (U.S. 1966)(noting that *Fink v. O'Neil* is the leading case limiting execution under a federal judgment with respect to homestead property exempted under state law). Accordingly, the relief sought by CP Judgment arises under the Constitution and laws of the United States pursuant to 28 U.S.C. §1331.

7. The relief sought in the Complaint also requires the Court to interpret and rule on several issues with respect to the federal Judgment including (a) the viability of the Judgment given its age, (b) whether CP Judgment is entitled to enforce the Judgment as successor to the

original judgment creditor, and (c) the availability of the procedure sought by CP Judgment in aid of the Judgment, i.e. via entry of a new judgment in accord with procedures permitted under state law.  Complaint ¶¶ 11-12.   These issues, which are briefed in the Complaint and were not contested, further confer subject matter jurisdiction on this Court under 28 U.S.C. §1331.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff CP Judgment, LLC prays that the Court enter a default judgment for the sum certain sought in the Complaint, costs of court, and such other and further relief to which CP Judgment, LLC may be justly entitled.

**Dated**:  July 24, 2015

                    Respectfully submitted,

                    By: /s/Sim Israeloff
                        **SIM ISRAELOFF**
                        Texas Bar No. 10435380

                    **COWLES & THOMPSON, P.C.**
                    901 Main Street, Suite 3900
                    Dallas, TX 75202
                    (214) 672-2000 (Tel)
                    (214) 672-2331 (Fax)
                    E-mail: sisraeloff@cowlesthompson.com

                    **ATTORNEYS FOR CP JUDGMENT, LLC**